# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Southland Rental Tools, Inc.,<br>Plaintiff,<br><br>versus<br><br>Mark L. Becnel,<br>Jason M. Becnel,<br>Jake Becnel, and<br>Becnel Rental Tools, L.L.C.<br>Defendants. | Civil Action<br><br>Number:<br><br>Section:<br><br>Magistrate: |

## Notice of Removal

To:   The Honorable Judges and Honorable Clerk of Court
      United Stated District Court
      Eastern District of Louisiana
      500 Poydras Street
      New Orleans, LA 70130

The defendants Mark L. Becnel, Jason M. Becnel, Jake Becnel, and Becnel Rental Tools, L.L.C. (collectively, "Defendants") file this Notice of Removal, and hereby reserve any and all rights, objections, defenses, and exceptions.

Title 28, section 1446 of the United States Code requires a short and plain statement of the grounds for removal. This action may be removed under 28 U.S.C. § 1454, permitting removal when "any party asserts a claim for relief arising under any Act of Congress relating to patents," because the plaintiff, Southland Rental Tools, Inc. ("Southland"), has asserted several claims that involve patent law issues as a necessary element of its claims. Because these claims "arise under" the patent law, removal is proper and this court has exclusive jurisdiction over them under 28 U.S.C. § 1338 and supplemental jurisdiction over Southland's other claims under

§ 1367. Section 1454(b)(2) permits the time limitations in § 1446(b) to be extended at any time for cause shown.

## Parties

1.      The plaintiff, Southland, is a Louisiana corporation with its principal place of business located at 7462 Hwy. 23, Belle Chase, Louisiana, 70037.

2.      Defendant Mark Becnel is a Louisiana domiciliary of full age and majority.

3.      Defendant Jason Becnel is a Louisiana domiciliary of full age and majority.

4.      Defendant Jake Becnel is a Louisiana domiciliary of full age and majority.

5.      Defendants Mark Becnel, Jason Becnel, and Jake Becnel were former employees of Southland.

6.      Defendant Becnel Rental Tools, L.L.C. is a limited liability company organized under the laws of Louisiana with its principal place of business in Houma, Louisiana.

7.      Intervenor Oil States Energy Services, L.L.C. is a limited liability company organized under the laws of Delaware with its principal place of business in Houston, Texas.

## Procedural History

8.      On May 29, 2013, counsel for Southland informed Defendants that they were seeking damages and royalties from the Defendants' use and rental of tools covered by U.S. Patent No. 6,354,380 ("the '380 patent") based on its claims for conversion, interference with contractual relations, unfair trade practices, and breach of fiduciary duty.[1]

9.      On March 1, 2012, Southland filed a Petition for Declaratory Relief and Damages in the 25th Judicial District Court for the Parish of Plaquemines,[2] naming Mark Becnel and Jason

---

[1] Exhibit 1, May 29, 2013, correspondence from Victoria Baudier to Joseph Lavigne.

[2] Exhibit 2, Southland's Petition for Declaratory Relief and Damages.

Becnel as defendants, and asserted claims for a declaratory judgment of ownership of the '380 patent, breach of contract to assign the '380 patent, breach of fiduciary duty, conversion of the '380 patent, fraud concerning transfer of the patent, interference with contractual relations, and violations of Louisiana's Unfair Trade Practices Law. At the time, Defendants understood these claims to relate to ownership of the '380 patent itself and allegations relating to alleged misappropriation of patent license royalties by Mark Becnel while he was employed at Southland, and not to claims relating to prospective damages for the Defendants' use and rental (i.e., infringement) of tools covered by the '380 patent.

10.    On June 25, 2012, Southland filed its First Amended and Restated Petition,[3] adding Jake Becnel and Becnel Rental Tools, L.L.C. as defendants, and asserted additional claims of: specific performance of implied transfer of ownership of the patent to Southland, a shop right in the patent, conversion of Southland's rental tools, conversion of proprietary client contact information, fraud concerning ownership of Southland, specific performance for the transfer of Saints Season tickets, specific performance for the transfer of LSU football season tickets, conversion of the Saints and LSU tickets by Mark Becnel, conversion of Saints tickets by Jake Becnel, and unjust enrichment.

11.    On September 18, 2012, the Defendants filed their Answer and Affirmative Defenses to Southland's First Amended and Restated Petition and Defendants' Reconventional Demand.[4] Defendants' claims in reconvention included claims for patent infringement.

---

[3] Exhibit 3, Southland's First Amended and Restated Petition for Declaratory Relief and Damages.

[4] Exhibit 4, Defendants' Answer and Affirmative Defenses to Southland's First Amended and Restated Petition and Defendants' Reconventional Demand.

12.     On December 17, 2012, third party Oil States Energy Services, L.L.C. ("Oil States") filed a Petition for Intervention for Concursus and deposited with the court royalties it owned under a license for the '380 patent.[5]

13.     On January 8, 2013, Mark Becnel and Jason Becnel (collectively, "the Becnels") filed a Complaint asserting claims of patent infringement, among other claims, against Southland in the Eastern District of Louisiana,[6] and on January 10, 2013, the state court granted Defendants' unopposed motion to voluntarily dismiss their claim for patent infringement in the state court.[7]

14.     On January 10, 2013, Southland filed an Answer to Oil States' Petition for Intervention for Concursus and Reconventional Demand,[8] asserting against Oil States claims for breach of contract, conversion of Southland's Rental Tools, and Specific Performance of Agreement to Pay Southland Revenues from Patented Insert Bowls.

15.     On January 24, 2013, the Defendants filed their Answer to Oil States Petition for Intervention for Concursus.[9]

16.     On February 4, 2013, Oil States filed its Answer to Southland's Answer to Petition for Concursus and Reconventional Demand.[10]

---

[5] Exhibit 5, Oil States' Petition for Intervention for Concursus.

[6] Exhibit 6, the Becnels' Original Complaint. See *Becnel v. Southland Rental Tools, Inc.*, 2:13-cv-00044-KDE-JCW (E.D. La.).

[7] Exhibit 7, Defendants' Unopposed Motion to Voluntarily Dismiss Their Patent Infringement Claims Without Prejudice; and Order granting same.

[8] Exhibit 8, Plaintiff's Answer to Petition for Intervention for Concursus Filed by Oil States Energy Services, LLC and Reconventional Demand.

[9] Exhibit 9, Defendants' Answer to Oil States Energy Services, LLC's Petition for Intervention for Concursus.

17.     On May 28, 2013, Southland filed a Motion for leave to amend its Answer and Reconventional Demand against Oil States.[11]

18.     Discovery is ongoing in both the state and federal actions and neither court has set a trial date.

**Basis for Removal**

**I.     The Defendants' Notice of Removal is proper and timely.**

19.     Title 28, section 1454(a) of the United States Code permits removal when "any party asserts a claim for relief arising under any Act of Congress relating to patents."  When removal is based solely on § 1454, the time limitations of § 1446(b) may be extended at any time for cause shown.[12]

**A.  Certain of Southland's claims arise under patent law.**

20.     A state law cause of action "arises under" patent law when the patent issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[13]

21.     **Necessarily Raised.** The Supreme Court has explained that "the plaintiff's right to relief [must] necessarily depend[] on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."[14] Here, Southland

---

[10] Exhibit 10, Oil States' Answer, Defenses, and Exceptions to Defendant's [sic] Answer to Petition for Concursus and Reconventional Demand.

[11] Exhibit 11, Southland's Motion for Leave to File Plaintiff's First Amended Reconventional Demand Against Oil States Energy Services, LLC.

[12] 28 U.S.C. § 1454(b)(2).

[13] *Gunn v. Minton*, __ U.S. __, No. 11-1118 at *9 (Feb. 20, 2013).

[14] *Christianson v. Colt Industries Op. Corp.*, 486 U.S. 800, 809 (1988).

seeks damages[15] based on its claims of conversion,[16] interference with contractual relations,[17] unfair trade practices,[18] and breach of fiduciary duty.[19] Specifically, Southland seeks damages from the Defendants' use and rental of tools covered by the '380 Patent, which will necessarily require the court to interpret the claims of '380 patent and decide which tools are covered by them. This is equivalent to a patent infringement analysis. Southland, "by calling a patent infringement something else," should not be allowed to avoid federal jurisdiction.[20]Accordingly, Southland's claims for damages relating to the Defendants' use and rental of tools covered by the '380 patent necessarily raise a substantial question of federal patent law, namely, which tools will infringe the '380 patent.

22.     **Actually Disputed.** As an initial matter, the Defendants deny that they are liable for damages to Southland for their use and rental of any tools covered by the '380 patent. Assuming *arguendo* that the Defendants are liable, however, the quantum of damages will

---

[15] Exhibit 1, May 29, 2013 correspondence from Victoria Baudier to Joseph Lavigne; Exhibit 3, Southland's First Amended and Restated Petition for Declaratory Relief and Damages, ¶ 132.

[16] *Dual Drilling Co. v. Mills Equipment Investments, Inc*., 98-0343, 98-0356 (La. 12/01/1998); 721 So. 2d 853, 857 (a plaintiff may demand compensation in an action for conversion). The Defendants reserve the right to challenge Southland's conversion claim on grounds that it only applies to chattels, and not intangible property, such as patents.

[17] *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989) (one element of an action against a corporate officer for intentional and unjustified interference with contractual relations is causation of damages).

[18] LSA-RS 51:1409 creates a cause of action for any person who suffers "any ascertainable loss" as a result of an unfair trade practice.

[19] *Bollinger v. Livingston State Bank and Trust Co*., 187 So.2d 784, 786-87 (La. Ct. App. 1 Cir. 1966) (proof of injury is element for claim for damages for breach of fiduciary duty).

[20] *Tart v. Walker*, 248 S.E.2d 736, 738 (N.C. Ct. App. 1978) (dismissing breach of contract claim for lack of subject matter jurisdiction).

necessarily turn on which tools infringe the '380 patent, how the Defendants used and rented them, and how any resulting damages and royalties are to be calculated.

23.   **Substantial.** The substantiality requirement looks to the importance of the disputed issue to the federal system as a whole, and not the significance to the parties in the immediate suit.[21] The Federal Circuit has routinely held that infringement is a sufficiently substantial issue under patent law to confer jurisdiction over state law claims that necessarily implicate an infringement analysis.[22] One reason the Court gave for its holding that infringement issues are "substantial" was that "Congress clearly intended for private parties to enforce federal patent law, most notably through an infringement suit."[23] Other courts have reached the same result when state causes of action necessarily raised infringement issues.[24] Here, infringement is the issue that Southland's claims for damages necessarily raise, and it has been uniformly held to be a patent issue that is "substantial."

24.   **Comity.** Asserting federal jurisdiction over Southland's claims will not "disrupt[] the federal-state balance approved by Congress." Indeed, the recent amendments to 35 U.S.C. §

---

[21] *Gunn v. Minton*, __ U.S. __, No. 11-1118 at *11 (Feb. 20, 2013).

[22] *Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1330 (Fed. Cir. 1998), *overruled en banc on other grounds, Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1358-59 (Fed. Cir. 1999).

[23] *Id.* (citing 35 U.S.C. § 271).

[24] *U.S. Valves, Inc. v. Dray*, 190 F.3d 811, 814 (7th Cir. 1999) (breach of contract claim arose under patent law because both breach and damages required determination of whether valves were covered by the defendant's patent; the court noted "the only means by which to fix damages is to evaluate each valve sold, and determine whether that valve is an infringing valve"); *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th Cir.1997) (claim for royalties and breach of contract arose under patent laws because they required determination of whether product was covered by plaintiff's patent); and *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 478 (Fed. Cir. 1993) (state tort claim arose under patent laws because it required plaintiff to show that its products did not infringe the defendant's patent).

1338 confirm that Congress intends to not only confer jurisdiction over infringement issues to federal courts, but expressly intended to divest state courts of all jurisdiction over such claims. Section 19 of the America Invests Act[25] amended 28 U.S.C. § 1338 to clarify that "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents…." And 35 U.S.C. § 271 creates a cause of action for patent infringement. Accordingly, this court has both the ability - and the obligation - to interpret the '380 patent and determine what tools are covered by the patent, and what damages, if any, Southland is entitled for the Defendants' use and rental of them.

25.     In sum, Southland is seeking damages and royalties from the Defendant's use and rental of apparatuses covered by the '380 patent based on its claims for conversion, interference with contractual relations, unfair trade practices, and breach of fiduciary duty.[26] This will require an infringement analysis of the '380 patent, i.e., the court must construe the claims of the '380 patent and determine which tools used or rented by Defendants are covered by the claims and whether Southland has been damages by such acts.

**B.     Southland's recent clarification of its claims for prospective damages for the Defendants' use and rental of tools covered by the '380 patent establishes good cause for a § 1454(b)(2)  extension of the time limitations of § 1446(b).**

26.     Section § 1446(b) provides each defendant 30 days from the receipt of the initial pleading to file a notice of removal. When removal is based solely on § 1454, however, the time limitations of § 1446(b) "may be extended at any time for cause shown."[27]

---

[25] Pub. L. No. 112-29 (2011).

[26] Exhibit 1, May 29, 2013 correspondence from Victoria Baudier to Joseph Lavigne; Exhibit 3, Southland's First Amended and Restated Petition for Declaratory Relief and Damages, ¶ 132.

[27] 28 U.S.C. § 1454(b)(2).

27.     As explained above, when Southland filed its original petition, the Becnels understood that Southland's claims of conversion, interference with contractual relations, unfair trade practices, and breach of fiduciary duty related to ownership of the '380 patent and Mark Becnel's alleged misappropriation of license royalties while he was employed by Southland.

28.     On May 29, 2013, Southland informed the Defendants that it was seeking damages and royalties for the use and rental of tools covered by the '380 patent ***after*** Mark Becnel was terminated by Southland on March 1, 2012.[28]

29.     Good cause exists for a § 1454 extension to the time limitations of § 1446(b) because Defendants have promptly filed this Notice of Removal since they received notice that Southland intends to seek prospective damages for the Defendants' use and rental of the patent tools, which raises substantial issues of patent law over which district courts have exclusive federal jurisdiction under § 1338.

## II.     This Court has jurisdiction under 28 U.S.C. § 1367 over some, but not all, of Southland's other claims.

30.     Once a case is removed, § 1454(d)(2) gives the district court discretion to remand, within the circumstances specified in § 1367(c), any claims within the supplemental jurisdiction of the district court under § 1367. Section 1454(d)(1) requires the district court to remand all other claims over which it lacks original or supplemental jurisdiction.

31.     The U.S. Supreme Court has interpreted the statutory requirement of § 1367(a)[29] as a codification of the Court's principles of pendent and ancillary jurisdiction and the requirement that state law claims must "derive from a common nucleus of operative fact, such

---

[28] See Exhibit 1.

[29] 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (internal quotes and citations omitted).

32.    As explained above, this Court has original jurisdiction over Southland's claims for damages for: breach of fiduciary duty (count five),[30] conversion (count seven),[31] fraud concerning ownership of the patent (count nine),[32] fraud concerning transfer of the patent (count ten),[33] and interference with contractual relations (count eleven).[34]

33.    Southland's claims of damages for the Defendants' use and rental of tools covered by the '380 patent share a common nucleus of operative fact with Southland's claims relating to the '380 patent. These claims include: specific performance of breach of fiduciary duty to transfer the patent to Southland (count one),[35] specific performance for implied transfer of ownership of the patent to Southland (count two),[36] specific performance of agreement to transfer the patent to Southland after it issued (count three),[37] shop right (count four),[38] and, to the extent related to the '380 patent, Southland's unjust enrichment and unfair trade practices

---

[30] Exhibit 3, ¶¶ 84-88; Exhibit 1.

[31] Exhibit 3, ¶¶ 93-96; Exhibit 1.

[32] Exhibit 3, ¶¶ 101-104; Exhibit 1.

[33] Exhibit 3, ¶¶ 105-108; Exhibit 1.

[34] Exhibit 3, ¶¶ 109-112; Exhibit 1.

[35] Exhibit 3, ¶¶ 70-75.

[36] Exhibit 3, ¶¶ 76-78.

[37] Exhibit 3, ¶¶ 79-81.

[38] Exhibit 3, ¶¶ 82-83.

claims (counts fifteen and sixteen).[39] In order for the Defendants to be liable to Southland for using or renting the tools covered by the '380 patent, Southland must have had some proprietary interest in the '380 patent. Accordingly, Southland's claims for rights to the '380 patent share a "common nucleus of operative fact" with its claims for damages for the Defendants' use and rental of tools covered by the '380 patent.

34.    Likewise, this Court has supplemental jurisdiction over Southland's claims relating to Mark Becnel's alleged fiduciary duty to Southland and his conduct during and immediately after his employment with Southland ended. These claims include Southland's claims for conversion of Southland's rental tools (count six),[40] conversion of Southland's proprietary client contact information (count eight),[41] fraud concerning ownership of Southland (count nine),[42] and, to the extent related to these claims, Southland's unjust enrichment and unfair trade practices claims (counts fifteen and sixteen).[43] The facts that form the basis of these claims overlap with Southland's fraud, conversion, and breach of fiduciary duties claims against the Becnels. For example, Southland's claim for damages for the Defendants' use and rental of tools covered by the '380 patent overlaps with its claims for conversion of those and other tools.

35.    Southland's claim of ownership of the '380 patent is premised on the employment relationship between Southland and the Becnels and their conduct and representations while they were employed by Southland. These facts overlap with ownership issues relating to client contact

_____

[39] See Exhibit 3, ¶¶ 125 and 131.

[40] Exhibit 3, ¶¶ 89-92.

[41] Exhibit 3, ¶¶ 97-100.

[42] Exhibit 3, ¶¶ 101-104; Exhibit 1.

[43] See Exhibit 3, ¶¶ 126 and 131.

information that Mark Becnel developed while he was employed by Southland and which Southland alleges he converted. Indeed, Southland has alleged loss of accounts and clients to the Defendants based on Mark Becnel's alleged conversion of the client contact information.[44] This is directly related to Southland's claims of interference with contractual relations, because it alleges it is from these customers that the Defendants are receiving rents based on their alleged misrepresentations that they are the "owner of the Apparatus and/or Patent."[45] These facts also overlap with ownership issues relating to Southland itself. For example, Southland's claims that Mark Becnel fraudulently represented that he was an owner of Southland is relevant to Southland's claims of ownership to and damages under the '380 patent.[46] Hence, these claims also share a "common nucleus of operative fact" with the claims over which this Court has original jurisdiction.

36.     Accordingly, this Court has supplemental jurisdiction over Southland's claims for: specific performance of breach of fiduciary duty to transfer the patent to Southland (count one),[47] specific performance for implied transfer of ownership of the patent to Southland (count two),[48] specific performance of agreement to transfer the patent to Southland after it issued (count three),[49] shop right (count four),[50] conversion of Southland's rental tools (count six),[51]

---

[44] See Exhibit 3, ¶ 99.

[45] See Exhibit 3, ¶ 111.

[46] To support its claims of ownership of the '380 patent, Southland has cited cases in which owners of closely held businesses sometimes have a duty to assign their patent to the business.

[47] Exhibit 3, ¶¶ 70-75.

[48] Exhibit 3, ¶¶ 76-78.

[49] Exhibit 3, ¶¶ 79-81.

conversion of Southland's proprietary client contact information (count eight),[52] fraud concerning ownership of Southland (count nine),[53] and, to the extent related to these claims, Southland's claims for unfair trade practices (counts fifteen)[54] and unjust enrichment (count sixteen).[55]

37.     But Southland's claims for damages do not share a common nucleus of operative fact with several of Southland's other claims, and they should be remanded to the state court. These claims consist of specific performance for the transfer of Saints and LSU tickets (count twelve),[56] conversion of the Saints and LSU tickets by Mark Becnel (count thirteen),[57] conversion of Saints tickets by Jake Becnel (count fourteen),[58] and, to the extent related to the Saints and LSU tickets, Southland's unjust enrichment and unfair trade practices claims (counts fifteen and sixteen).[59] The ownership of the season passes, and Southland's alleged loss of "unique opportunities to develop business" that arise from possession of Saints and LSU season tickets, are too attenuated from the patent  and employment issues that form the basis of the other disputes between Southland and the Defendants. Therefore, these claims do not share a common

---

[50] Exhibit 3, ¶¶ 82-83.

[51] Exhibit 3, ¶¶ 89-92.

[52] Exhibit 3, ¶¶ 97-100.

[53] Exhibit 3, ¶¶ 101-104; Exhibit 1.

[54] Exhibit 3, ¶¶ 124-129.

[55] Exhibit 3, ¶¶ 130-131.

[56] Exhibit 3, ¶¶ 113-115.

[57] Exhibit 3, ¶¶ 116-119.

[58] Exhibit 3, ¶¶ 120-123.

[59] See Exhibit 3, ¶¶ 127 and 131.

nucleus of operative fact with the claims over which this Court has original jurisdiction, and they should be remanded.

## III.   Removal is Proper

38.   The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the 25th Judicial District Court for the Parish of Plaquemines, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. §§ 1400 and 1441.

39.   Unlike 28 U.S.C. § 1446(b)(2)(A), which requires that all defendants consent to removal of the action when removal is effected solely under § 1441(a), § 1454(b)(1) permits "any party" to remove the case when removal is based solely under § 1454.

40.   Except as noted above, this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367. Removal of this action to this Court is proper under 28 U.S.C. § 1454.

41.   Pursuant to 28 U.S.C. § 1446(a), together with this Notice is a copy of all process, pleadings, and orders served upon the Defendants. Process, pleadings, and orders that are not discussed above are attached as Exhibit 12.

42.   Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that the Notice of Removal will be served promptly on Southland and will be filed with the Clerk of Court for Division B, 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

Respectfully submitted,

/s/ Joseph F. Lavigne
Joseph F. Lavigne (LA #28119)
Celeste Laborde McNulty (LA #31821)
Micah J. Fincher (LA #33830)
**Jones Walker LLP**
201 St. Charles Avenue – 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000

Facsimile: (504) 582-8015
jlavigne@joneswalker.com
claborde@joneswalker.com
mfincher@joneswalker.com
Counsel for Defendants

**Certificate of Service**

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of

record *via* facsimile, electronic mail, and/or United States mail, postage prepaid and properly

address, this 4th day of June, 2013.

*/s/ Joseph F. Lavigne*
Joseph F. Lavigne

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

Southland Rental Tools, Inc.,
          Plaintiff,

versus

Mark L. Becnel,
Jason M. Becnel,
Jake Becnel, and
Becnel Rental Tools, L.L.C.
          Defendants.

Civil Action

Number:

Section:

Magistrate:

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

    **BEFORE ME**, the undersigned authority, personally came and appeared:

### JOSEPH F. LAVIGNE

who, after being duly sworn, did depose and say:

    1.    That he is the attorney for defendants, Mark L. Becnel, Jason M. Becnel, Jake Becnel, and Becnel Rental Tools, L.L.C.;

    2.    That all of the allegations in the above and foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief, based upon the information supplied to him by defendants.

_____
JOSEPH F. LAVIGNE

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS 4th DAY OF JUNE 2013.

_____
MARY MARGARET LEBATO  (LA Bar No. 32704)
NOTARY PUBLIC
My Commission is for Life.

{N2648909.1}